IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Lorri Trosper, | ) |
|       Plaintiff, | ) ) ) ) Case No.: 19-cv-50092 |
| v. | ) ) Magistrate Judge Margaret J. Schneider |
| Andrew Saul, Commissioner of Social Security, | ) ) ) ) |
|       Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

      This is a Social Security disability appeal filed by Plaintiff Lorri Trosper, who is now proceeding *pro se*. Plaintiff has filed a brief "requesting that the Court review the Administrative Law Judge's decision and remand it for rehearing before a different ALJ who is not biased against Plaintiff", which the Court has construed as a motion for summary judgment. The Commissioner has filed a cross-motion for summary judgment. As detailed below, the Court grants the Commissioner's motion for summary judgment, Dkt. 15, and denies Plaintiff's motion for summary judgment, Dkt. 8.

**BACKGROUND**

      Plaintiff Lorri Trosper ("Plaintiff") filed an application for disability and disability insurance benefits on November 12, 2013, which was completed with the Social Security Administration on November 15, 2013. R. 168-70. Her application was denied initially, R. 96, and upon reconsideration, R. 101. Following a hearing on October 9, 2015, Administrative Law Judge ("ALJ") Patricia Kendall issued an opinion denying benefits on November 30, 2015. *Id.* Plaintiff appealed the decision and, upon the Commissioner's agreed motion to remand, the case was remanded from the U.S. District Court for the Northern District of Illinois. R. 1325. A second hearing was held by ALJ Kendall on May 11, 2018. R. 1206. Plaintiff, represented by an attorney, appeared and testified. *Id.* Robert Sklaroff, a medical expert, and Matthew Sprong, a vocational expert, also testified. *Id.* After the District Court remand order, the Appeals Council directed the ALJ to obtain updated medical evidence and re-evaluate the evidence and testimony. R. 1307-09.

      On December 21, 2018, the ALJ issued a ruling denying Plaintiff benefits. R. 1203. Pursuant to the regulations, "when a case is remanded by a Federal court for further consideration, the decision of the administrative law judge will become the final decision of the Commissioner after remand on your case unless the Appeals Council assumes jurisdiction of the case." 20 C.F.R. § 404.984. There is no indication that the Appeals Council assumed jurisdiction of this case so the ALJ's decision is the final decision of the Commissioner. Plaintiff now seeks judicial review of the ALJ's decision.

# DISCUSSION

A reviewing court may enter judgment either "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner's factual findings are conclusive if they are supported by substantial evidence, meaning enough that would allow a reasonable person to determine that the decision's conclusion is supportable. *Richardson v. Perales*, 402 U.S. 389, 399-401 (1971). "Whatever the meaning of 'substantial' in other contexts, the threshold for such evidence sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019). As such, "a reviewing court cannot displace the decision by reconsidering facts or evidence, or by making independent credibility determinations." *Denise F. v. Saul*, No. 17 C 50320, 2020 WL 6158937, at * (N.D. Ill. Oct. 21, 2020) (citing *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

Notwithstanding, the Seventh Circuit has emphasized, "we must do more than merely rubber stamp the [ALJ's] decision." *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). A reviewing court must undertake a critical review of the evidence prior to affirming the ALJ's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). Even when adequate evidence exists in the record, the decision will not be affirmed if the ALJ has not built "a logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008).

An additional consideration in this case arises from the fact that Plaintiff is proceeding *pro se*. Under Seventh Circuit precedent, this Court must "liberally construe" claims brought by *pro se* litigants. *Jackson v. Astrue*, 472 Fed. App'x 421, 422 (7th Cir. 2012). However, *pro se* litigants must still "present arguments supported by citations to the record and legal authority." *Id.*

Applying the above principles, Plaintiff filed a 3-page opening brief which is legible and neatly presented. Dkt. 9. The Commissioner filed a response brief, Dkt. 15, arguing that Plaintiff's opening brief ultimately is a request for this Court to reweigh the same evidence the ALJ considered and "substitute [its] own judgment," which this Court is not allowed to do. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012). Plaintiff then filed a reply brief, which largely consists of a chronological summary of Plaintiff's health problems, as well as two letters and a facsimile containing information regarding personal assistant care she was receiving in support of the application. Subsequently, the Commissioner filed a sur reply, arguing that this Court should not consider the additional medical record, or the new arguments Plaintiff raised in her reply. Dkt. 33. It is well-settled that arguments raised for the first time in a reply brief are waived. *See Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012). Accordingly, the Court will not further discuss the reply but will instead rely on the opening brief as the statement of Plaintiff's case.

Upon review of the briefs, as well as relevant portions of the record, the Court agrees with the Commissioner's main contention that the decision of the ALJ should be affirmed. However, Plaintiff's arguments merit acknowledgement and consideration. In reviewing Plaintiff's opening brief, the Court discerns two main arguments.

First, the broadest argument is that the ALJ was personally biased against Plaintiff. Plaintiff asserts that her medical records show the severity of her disability and that a neutral judge

would see her case differently.  Plaintiff further asserts that the ALJ impermissibly cut off the testimony of Plaintiff's daughter at the first hearing by not allowing her to testify regarding her use of pain pills.  The Commissioner responds that the ALJ permissibly allowed Plaintiff's daughter to testify, and only cut her off when she sought to include testimony about her addiction to pain medication growing up.  The Commissioner argues that Plaintiff did not object at the hearing or explain why such testimony from her daughter would be relevant to the period of time at issue.

The Court has reviewed the transcripts and does not find support for Plaintiff's contentions.  It is true that the ALJ interrupted Plaintiff to focus her daughter's questioning to the relevant time period.  R. 69.  Such interruptions are not unreasonable because ALJs must efficiently manage their time.  *See Keith v. Barnhart*, 473 F.3d 782, 790 (7th Cir. 2007) (finding ALJ's conduct reasonable when the ALJ focused counsel's argument to the issue of disability rather than re-hashing an objection that had already been argued twice).  Moreover, Plaintiff has only her own speculation to support what amounts to an accusation of bias.  She has presented no evidence that the ALJ based her decision on anything other than the statutory criteria and the medical record.  "When seeking to establish judicial bias in this manner, . . . [Plaintiff] bears a heavy burden."  *Id.* at 789.  The Court begins "with the presumption that the hearing officer is unbiased" and "[i]t is only after a petitioner has demonstrated that the decisionmaker 'displayed deep-seated and unequivocal antagonism that would render fair judgment impossible' that the presumption is rebutted.'"  *Id.* At 788 (quoting *Liteky v. United States*, 510 U.S. 540, 556 (1994)).  Plaintiff's submission comes nowhere close to rebutting that presumption and the transcript of the hearings show that the ALJ conducted the hearings in an unbiased and fair manner.

Second, Plaintiff criticizes the way the ALJ evaluated her symptoms and the way she came to a conclusion as to her residual functional capacity.  The ALJ must undertake a two-step process to evaluate a claimant's symptoms and subjective complaints about the severity and nature of the relevant impairments.  First, the ALJ determines whether the claimant has a medically determinable impairment that "could reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. § 404.1529(a).  Then, the ALJ assesses the intensity and persistence of the claimant's symptoms to determine how they limit the capacity for work.  20 C.F.R. § 404.1519(c).  An ALJ's credibility determination is granted substantial deference and will only be disturbed if it is "patently wrong."  *Schmidt v. Astrue*, 496 F.3d 833, 843 (7th Cir. 2001) (internal quotation and citation omitted).

Plaintiff takes issue with the ALJ's finding that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with medical evidence and other evidence in the record."  Plaintiff argues that the ALJ's observation regarding her use of her arm and hand to shuffle through her paperwork at the first hearing was improper.  Plaintiff also argues that the ALJ should not have placed emphasis on her ability to attend school and to work on her patent, as she has since quit both of those endeavors.

The Court finds that neither the standard of review the ALJ used in evaluating Plaintiff's statements nor the analysis she provided was patently wrong. [1]  Plaintiff's focus on the ALJ's

---

[1] The Court does acknowledge that the "not entirely consistent" boiler plate language used by the ALJ, R. 1222, has been criticized by the Seventh Circuit.  *Pierce v. Colvin*, 739 F.3d 1046, 1050 (7th Cir. 2014).

3

finding regarding the way in which she used her arm during the hearing seems like the type of fault-finding the Seventh Circuit has cautioned against. *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000) (citing *Johnson v. Apfel*, 189 F.3d 561, 564 (7th Cir. 1999) (finding that an ALJ opinion should be given "a commonsensical reading rather than nitpicking at it.") Moreover, this statement was made in the ALJ's November 24, 2015 decision, R. 17, not the most recent December 18, 2018 decision, R. 1203. The second decision does not contain that observation but does contain a detailed analysis of the medical treatment Plaintiff has received for her shoulders and reasons for the ALJ's conclusions regarding Plaintiff's capabilities pertaining to her shoulders. R. 1223. Meanwhile, in looking to the remainder of the opinion, it is clear the ALJ premised her conclusions on Plaintiff's statements concerning each symptom in terms of whether they were consistent with the other evidence in the record. R. 1222-25.

Moreover, to the extent Plaintiff argues that the new evidence that she proffers in her brief—including the need for her to quit school and the expiration of her provisional patent—show that her condition is more disabling today than what the ALJ found, that evidence is simply not in the record before this Court. It is the claimant's burden to establish her disability. *Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). The record shows that the ALJ appropriately relied upon the medical evidence and opinions in the record when she assessed Plaintiff's physical capabilities and work-related restrictions.[2] The ALJ reasonably found that Plaintiff's allegations of disabling limitations were inconsistent with the medical opinions in the record, as well as with her range of daily activities and her medical history.

In sum, the Court acknowledges that Plaintiff has dealt with challenging circumstances related to her mental and physical health. However, this Court must act within the confines of the Social Security disability standards of review. Importantly, this Court may not reconsider the facts or reweigh evidence to reach a different result from the ALJ; it must deny Plaintiff's claim if the ALJ's decision is "adequately supported." *Elder*, 529 F.3d at 413.

---

[2] Plaintiff argues that some additional medical records were previously not submitted by her attorney to the ALJ. Presumably Plaintiff is referring to the records discussed by the ALJ at R. 1206-07. Under 20 C.F.R. § 404.935(a), "each party must make every effort to ensure that the [ALJ] receives all of the evidence . . . no later than 5 business days before the date of the scheduled hearing. If you do not comply with this requirement, the [ALJ] may decline to consider or obtain the evidence." Exceptions to this rule include if the actions of the Commissioner were misleading, if the claimant had a physical, mental, educational, or linguistic limitation that prevented him or her from informing the ALJ of the evidence, or if there were other unusual, unexpected, or unavoidable circumstances. 20 C.F.R. § 404.935(b). Notwithstanding this rule, the ALJ allowed Plaintiff to submit more than 200 pages of additional evidence regarding updated treatment from 2018 to Dr. Sklaroff for review and allowed additional interrogatories to be issued to Dr. Sklaroff regarding these records after her hearing. To the extent that the ALJ declined to include further medical records from 2015 and 2016 sent after the hearing, Plaintiff has not pointed the Court to any circumstances that prevented her from informing SSA or the ALJ about this evidence in a timely fashion in accordance with the Rule. Therefore, the Court also does not find error warranting remand with respect to the decision to decline to admit those additional records.

## CONCLUSION

For the reasons discussed in this Memorandum Opinion and Order, Plaintiff's motion for summary judgment is denied and the Commissioner's motion for summary judgment is granted. The decision of the Commissioner is affirmed.

Date: May 10, 2021    ENTER:

_____
United States Magistrate Judge